1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Jerry O. Hernandez,                    )    CV-07-272-PHX-JAT
                                            )
10             Plaintiff,                    )
                                            )
11        v.                                 )    **ORDER**
                                            )
12   Maricopa County, et al.,                )
                                            )
13             Defendants.                   )
                                            )
14   _____    )

15        On June 28, 2007, this case was assigned to the undersigned.  On July 13, 2007, the

16   undersigned issued a scheduling order ordering that the party with the burden of proof

17   disclose experts by January 18, 2008, the responding party disclose experts by February 15,

18   2008, discovery be completed by May 30, 2008, and that dispositive motions be filed by July

19   11, 2008. Doc. #26.  On May 7, 2008, the parties jointly moved to extend these deadlines.

20   The Court granted this motion. Doc. #30.  The new deadlines required that the party with the

21   burden of proof disclose experts by June 30, 2008, the responding party disclose experts by

22   July 30, 2008, that discovery be completed by October 30, 2008, and that dispositive motions

23   be filed by November 21, 2008.

24        Between May 7, 2008 and the end of these deadlines, the parties filed nothing with

25   the Court.  Thus, after the final deadline of November 21, 2008 expired, the Court set the

26   final pretrial conference.  Doc. #31, Order of November 24, 2008.  After allowing all

27   deadlines to expire, and after receiving the Court's order setting final pretrial conference, on

28   December 1, 2008, the parties moved to extend the expired deadlines. Doc. #32.  The Court

1    denied this motion.  Doc. #33.  Defendants moved to reconsider this denial and in the
2    alternative moved to preclude Plaintiff's experts.

3         As the Court has previously noted, excusable neglect is the standard that must be met
4    by the parties to receive an extension of an expired deadline.   In the motion for
5    reconsideration, Defendants state that excusable neglect is an elastic concept and that this
6    Court should extend the deadlines because at worst the behavior in this case was "sheer
7    negligence" and not "willful maliciousness."  Doc. #36 at 6-7.

8         This case was filed in Superior Court on October 18, 2006.  Thus, it has been pending
9    over two years.  Under either parties' version of the facts leading up to this renewed request
10   for a continuance, neither party appears to have respected the deadlines set by the Court.  For
11   example, the first discussion of continuing the discovery deadline of October 30, 2008
12   appears to have occurred between counsel on October 15, 2008.  Although the parties
13   apparently reached an agreement among themselves, they never sought Court approval of this
14   agreement, and did not reduce their agreement to writing until November 26, 2008 – after
15   every deadline in this case had expired and after the Court set a final pretrial conference.
16   Doc. #36 at 5.

17        The parties claim that their need for an extension stems from Plaintiff's expert
18   disclosures.   Plaintiff claims to have mailed his expert disclosures in February 2008.
19   Defendants claim that they did not receive this mailing, and first received the disclosures on
20   October 10, 2008 (well after the June 30, 2008 disclosure deadline).  Defendants further note
21   that no notice of disclosure was filed with this Court as is required by Local Rule Civil 5.2.
22   Defendants claim that because they never received this notice, they never obtained and
23   disclosed their own experts and therefore alternatively argue that if this Court will not extend
24   all deadlines, this Court should preclude Plaintiff's experts.

25        The Court does not find the parties lack of diligence in this case to be excusable

26

27

28
                                          - 2 -

1   neglect.[1]  First, the Court does not find prejudice.  While Defendants argue that they are
2   prejudiced by not being permitted to file a dispositive motion, they allowed the dispositive
3   motion deadline to run apparently relying on opposing counsel to seek an extension on their
4   behalf.  Doc. #39 at 5, Doc. #36 at 4-5.  There is no constitutional right to file a dispositive
5   motion and Defendants failure to timely file a motion or seek an extension for themselves is
6   not "prejudice" to them caused by anything other than their own inaction.  "Prejudice" does
7   not include that a party's own unexcused inaction could so prejudice itself that the Court
8   must grant it an extension.

9        Second, the Court finds the length of delay to be unreasonable.  As noted above, this
10  case has been pending over two years.  The parties now seek to basically start discovery
11  anew with proposed deadlines well into 2009 (*see* Doc. #32 at 3).  Taking this case as a
12  whole, there is no reason that it should take almost three years to complete discovery and the
13  parties' inattention to this case does not provide a justification for this unreasonable delay.

14       Third, the Court does not find the reason for the delay, specifically the discrepancy
15  regarding the disclosure of Plaintiff's experts, to justify a further extension.  As will be
16  discussed fully below, Plaintiff had the ability to ensure notice of his disclosures was given
17  to Defendants.

18       Finally, while the Court does not find the parties' inattention to this case to be willful
19  maliciousness, the Court does not find the parties acted in good faith.  The parties fail to
20  show good faith because they failed to timely seek an extension before November 20, 2008
21  for no reason, and failed to seek an extension between November 20, 2008 and December
22  1, 2008 due to what Plaintiff calls unspecified "family medical emergencies" (Doc. #32 at
23  2) and what Defendant characterizes as Plaintiff's counsel's concern that his nanny had fallen

24

---

25       [1]  *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (in
26  assessing excusable neglect courts consider prejudice, length of delay and its impact on
     the court, reason for delay including whether the reason was within the movant's control,
27  and good faith).

28

1    on his property (Doc. #4 at n. 1).[2]  The Court does not find any of this to be a good faith
2    effort to comply with the Court's deadlines.  Therefore, the motion to reconsider the Court's
3    denial of the parties' request to extend the deadlines is denied.

4        Next, Defendants seek to preclude Plaintiff's experts due to lack of timely disclosure.
5    As indicated above, Plaintiff claims to have mailed this disclosure to Defendants in February
6    2008.  Defendants claim that Plaintiff's assertion is belied by the fact that Plaintiff sought an
7    extension of his expert disclosure deadline in May 2008, which would not have been
8    necessary had disclosure actually occurred in February 2008.  Regardless, however,
9    Defendants admit that they cannot prove whether this was actually mailed, they only assert
10   that they never received it.

11       Federal Rule of Civil Procedure 5(d) requires that expert disclosures must be filed
12   with the Court within a reasonable time after service.  District of Arizona Local Rule Civil
13   5.2(d) also requires that a "notice of service" be filed with the Court.  In this case, neither
14   party disputes that neither Plaintiff's expert disclosures themselves nor a notice of service
15   were filed with the Court.  Plaintiff claims, "[the fact t]hat Plaintiff's counsel did not file a
16   Notice of Disclosure through the District Court's e-filing system is irrelevant."  Doc. #38 at
17   4.  Plaintiff is mistaken because the record will be the sole basis for this Court's decision.

18       Specifically, the Court has no way of knowing whether Plaintiff actually mailed the
19   disclosures.  The Court has no way of knowing whether Defendants actually received the
20   disclosures.  And the Court has no way of knowing if everyone is accurate, but the
21   disclosures were "lost in the mail."  The Rules anticipate this scenario by requiring the
22   disclosing party to make a record of the disclosure by filing a Notice with the Court.  There
23   being no record in this case, the Court cannot deem Defendants to have notice of something
24   they claim they never received.  Therefore, because there is no notice of service in the record,

25

26
27       [2]  Regardless of Plaintiff's situation, no reason is suggested as to why Defendants
         could not seek an extension during any of this time.

28                                          - 4 -

1   Plaintiff's experts allegedly disclosed in February 2008 will be precluded at trial.

2        Finally, to the extent Defendants' repeated references to a "special action" could

3   possibly be interpreted as an inartful attempt to seek certification pursuant to 28 U.S.C. §

4   1292(b) to take an interlocutory appeal, any such request is denied.[3]

5        Based on the foregoing,

6        IT IS ORDERED that the motion for reconsideration (Doc. #36) is denied;

7        IT IS FURTHER ORDERED that the motion to preclude Plaintiff's experts allegedly

8   disclosed in February 2008 (part of Doc. #36) is granted.

9        DATED this 9th day of January, 2009.

10

11

12                                    James A. Teilborg
                                      United States District Judge

13

14

15

16

17

18

19

20

21

22   [3] 28 U.S.C. § 1292(b) provides the procedure for appeal of an interlocutory order: the
     district judge must certify the interlocutory order for appeal, and upon application within

23   ten days of the certification order the court of appeals may in its discretion permit an
     appeal to be taken.  *See Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir.1991) (per curiam)

24   (court has no jurisdiction to reach issues of personal jurisdiction not certified for
     interlocutory appeal); *Hughes v. Sharp*, 476 F.2d 975, 975 (9th Cir.1973) (no jurisdiction

25   when party did not seek leave to bring appeal of interlocutory order); *cf. Go-Video, Inc.
     v. Akai Elec. Co.*, 885 F.2d 1406, 1408 (9th Cir.1989) (reviewing denial of motion to

26   dismiss for lack of personal jurisdiction when district court granted certification request,
     and court of appeals had agreed to hear interlocutory appeal).

27

28